**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MATTHEW SHEPARDSON,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **Case No.:** |
| : | |
| **JOHN F. MARTIN & SONS, LLC,** : | |
| : | |
| Defendant. : | **COMPLAINT IN CIVIL ACTION** |
| : | |
| : | |

Filed on Behalf of Plaintiff:
Matthew Shepardson

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC.
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:   (412) 545-3015
Fax No.:     (412) 540-3399
E-mail:      jward@jpward.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MATTHEW SHEPARDSON,** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No.: |
| | : |
| **JOHN F. MARTIN & SONS,** | : |
| | : |
| Defendant. | : |
| | : |
| | : |

## COMPLAINT

AND NOW, comes Plaintiff, Matthew Shepardson, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, John F. Martin & Sons, LLC, of which the following is a statement:

## PARTIES

1.      Plaintiff, Matthew Shepardson (hereinafter "Mr. Shepardson"), is an adult individual who currently resides at 1042 Lincoln Heights Avenue, Ephrata, Pennsylvania 17522.

2.      Defendant, John F. Martin & Sons, LLC, (hereinafter "John F. Martin & Sons"), is a corporation with its principal place of business located at 55 Lower Hillside Rd, Stevens, Pennsylvania 17578.

## JURISDICTION AND VENUE

1

3. Jurisdiction is proper as Mr. Shepardson brings this lawsuit under the Family and Medical Leave Act of 1993 (hereinafter, the "FMLA"), 29 U.S.C. § 2601 *et seq*. and the Families First Coronavirus Response Act (hereinafter, the "FFCRA").

4. This Court has supplemental jurisdiction over Mr. Shepardson's state law claims pursuant to 28 U.S.C. § 1367(a).

5. At all relevant times, upon information and belief, John F. Martin & Sons is a company with less than 500 employees and therefore is subject to the recently enacted Families First Coronavirus Response Act (FFCRA), which in turn is compromised of the Emergency Paid Sick Leave Act (EPSLA) and the Emergency Family and Medical Leave Act (EFMLA). John F. Martin & Sons is also subject to the Family and Medical Leave Act (FMLA).

6. The EPSLA and EFMLEA were two new emergency paid leave requirements passed by Congress and signed by the President under the circumstances of the unprecedented public health emergency of the COVID-19 pandemic. At the time the law was passed, numerous state governments, including Pennsylvania's, had issued shut down orders requiring schools and workplaces to be closed and residents to remain at home except for essential life-sustaining activity.

7. Mr. Shepardson is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Eastern Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

8. On or about January 2017, Mr. Shepardson initiated employment with John F. Martin & Sons in an entry-level position and was ultimately promoted to Head Operations Trainer, to which he also performed Safety Coordinator duties.

9. Mr. Shepardson was a full-time employee who regularly dedicated 55 or more hours a week to John F. Martin & Sons.

10. Mr. Shepardson dutifully fulfilled all requirements of his job and was never sanctioned or disciplined during his tenure with John F. Martin & Sons.

11. On or about March 2020, Mr. Shepardson was unable to resume his regular work schedule due to Governor Wolf's statewide stay-at-home orders closing schools and childcare services.

12. Mr. Shepardson exhausted all options to obtain childcare as so to not disrupt his work schedule but was unsuccessful due to COVID-19.

13. Due to the lack of available caregivers and family members as a result of COVID-19, Mr. Shepardson was forced to utilize time accrued pursuant to the Family Medical Leave Act, which extended into April.

14. Additionally, Mr. Shepardson's child was 6.5 months old at the time of Mr. Shepardson's request for FMLA leave.

15. Mr. Shepardson emailed John F. Martin & Sons every Thursday to give notice of his utilization of leave.

16. On or about March 17, 2020, Mr. Shepardson requested FMLA and FFCRA accommodations, to which he was denied.

17. On March 31, 2020, Mr. Shepardson received an email form direct supervisor and Warehouse Operations Manager, Steve Wawrzyniak, to which he proposed three separate scheduling options, but only detailed an adjusted schedule for 2nd shift as follows: Monday-Friday 7pm-12:30am and "hours" on Saturdays.

18. In response, Mr. Shepardson stated his inability to work the proposed weekday hours, as they would require Mr. Shepardson to stay awake for 20-22 hours straight due to childcare responsibilities.

19. In an attempt to request a reasonable counteroffer, Mr. Shepardson suggested to work remotely on safety related tasks for a few hours a day during the week, as well as Saturdays in the warehouse.

20. In response, John Flannery, Director of Sales and Operations, indicated that three scheduling options had been provided to Mr. Shepardson and directed him to continue communication regarding his scheduling and leave concerns with Director of Human Resources, Bob Watts.

21. On or about April 17, 2020, Mr. Shepardson left a voicemail for Mr. Watts regarding their missed scheduled phone call for 2:30pm, as well as an email requesting non-paid time off. Mr. Watts responded that he would call "when able" and forwarded Mr. Shepardson's request to Mr. Wawrzyniak.

22. On or about April 22, 2020, Mr. Shepardson received an email from Mr. Watts regarding the missed phone call, stating he is still unable to commit to a specific "talk time".

23. The aforementioned email stated the Families First Coronavirus Response Act (hereinafter, "FFCRA") was not applicable to the entire corporation, as John F. Martin & Sons did not meet the requirements due to exceeding 500 employees.

24. Upon information and belief, John F. Martin & Sons deceptively and falsely tabulated their employees to "exceed" 500 employees and alleged the company was exempt from providing employees from FFCRA benefits.

25. Additionally, Mr. Watts suggested Mr. Shepardson apply to the state for unemployment benefits but informed him that no other employees have been able to collect partial unemployment and have "all found ways to work around their personal logistics during the pandemic".

26. In response, Mr. Shepardson once again requested the reasonable accommodation to work from home as mentioned in his original meeting with Mr. Wawrzyniak, Mr. Peter Santiago, and Mr. Flannery, as all other scheduling options would require Mr. Shepardson to stay awake for 20-22 hours straight due to childcare duties.

27. Additionally, Mr. Shepardson clarified that he had only been offered one scheduling option per Mr. Wawrzyniak on or about March 31, 2020.

28. Mr. Shepardson was denied this request due to safety related tasks being handled onsite by HR personnel and was told to inform Steve Wawrzyniak of his availability, as "he'll be able to figure something out…".

29. Further, Mr. Watts removed himself from the conversation, stating that he did "not wish to further impede the operational process" and for Mr. Shepardson to continue contact with Mr. Wawrzyniak and Mr. Flannery.

30. Following the aforementioned email, Mr. Shepardson once again attempted to resolve his scheduling conflicts, stating his Friday night and Saturday availability.

31. On or about May 4, 2020, in response, Mr. Shepardson was officially terminated by Steve Wawrzyniak via email due to his "limited availability", despite Mr. Shepardson's agreement to work Saturdays as proposed by Mr. Wawrzyniak.

## COUNT I
## REALIATION IN VIOLATION OF THE FMLA

32. Mr. Shepardson incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

33. In order to prevail on a claim of retaliation under the FMLA, one must prove that: "(1) he invoked her right to FMLA-qualifying leave, (2) he suffered an adverse employment decision, and (3) the adverse action was causally related to his invocation of rights." *Lichtenstein v. U. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012)

34. Under the FMLA, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period "Because of the birth of a son or daughter of the employee and in order to care for such son or daughter." 29 U.S.C.A. § 2612.

35. Mr. Shepardson was eligible for sick leave and paid leave under the FMLA.

36. Mr. Shepardson invoked his rights to FMLA-qualifying leave upon communicating with Mr. Watts, Mr. Flannery, Mr. Santiago, and Mr. Wawrzyniak telephonically and via email following Governor Wolf's COVID-19 mandatory stay-at-home order.

37. Mr. Shepardson requested leave because he was unable to attend work because of a bona fide need to care for his 6.5-month-old son whose school or childcare provider was closed or unavailable for reasons related to COVID-19.

38. Mr. Shepardson suffered an adverse employment decision in the form of the termination of Mr. Shepardson's employment following his attempt to invoke his rights.

39. Additionally, upon information and belief, John F. Martin & Sons falsified their employee records to include "all businesses", therefore unlawfully disqualifying their employees from their FFCRA rights

40. Mr. Shepardson's termination was causally related to the invocation of his FMLA-rights, as not only did Mr. Shepardson make multiple attempts to resolve his scheduling discrepancies but was terminated 2 months pursuant to his attempt to invoke his rights.

41. The two main factors relevant with respect to establishing a causal link to satisfy the prima facie case of retaliation under the FMLA are: (1) timing and/or (2) evidence of ongoing antagonism. *Sabbrese v. Lower's Home Center's Inc.*, 320 F. Supp. 2d 311 (W.D. Pa. 2004).

42. The timing of Mr. Shepardson's termination establishes a causal link sufficient to satisfy the prima facie case of retaliation.

43. Mr. Shepardson placed a request for FMLA-qualifying leave in March 2020 following Governor Wolf's COVID-19 mandatory stay-at-home order and was terminated May 4, 2020 due to his "lack of availability".

44. Mr. Shepardson attempted to resolve the scheduling issues multiple times over the course of two months, as depicted through email chains to all applicable supervisors and HR personnel.

45. Despite Mr. Shepardson's agreement to work Saturdays as proposed by Mr. Wawrzyniak, Mr. Shepardson's employment was terminated.

46. The circumstances and timing between these two events evidence a strong correlation between Mr. Shepardson's invocation of his FMLA rights, the withholding of his FFCRA rights, and his discharge.

WHEREFORE Plaintiff respects that this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests that this Court award back pay, front pay, any other compensatory damages and liquidated damages as calculated by the Court, reasonable attorney's fees and any other relief as this Court sees fit.

## COUNT II
## RETALIATION IN VIOLATION OF THE FFCRA

47. Mr. Shepardson incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

48. The FFCRA requires employers to provide specified employees with paid leave because of a "qualifying need related to a public health emergency." 116 P.L. 127, 2020 Enacted H.R. 6201, 134 Stat. 178 §3102(a)(1)(F).

49. According to the FFCRA, a "public health emergency" means "the declaration of a public health emergency, based on an outbreak of SARS-CoV-2 or another coronavirus with pandemic potential," based on declaration by the Secretary of Health and Human Services. 116 P.L. 127, Enacted H.R. 6201, 134 Stat. 178 §1101(h)(2).

50. On January 30, 2020, Health and Human Services Secretary Alex M. Azar II declared a public health emergency under section 319 of the Public Health Service Act (42 U.S.C. 247d) for the entire United States in response to the novel 2019 coronavirus.

51. Under the FFCRA, an "eligible employee" is an employee who has been employed by his or her employer for more than 30 calendar days prior to the requested leave. 116 P.L. 127, Enacted H.R. 6201, 134 Stat. 178 §3102(b)(a)(1)(A).

52. Under the FFCRA, a qualifying employer is an employer with "fewer than 500 employees." 116 P.L. 127, Enacted H.R. 134 Stat. 178 §3201(b)(a)(1)(B).

53. The FFCRA defines a "qualifying need related to a public health emergency" as a situation where the employee is "unable to work (or telework) due to a need for leave due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of child care has been closed, or the child care provider of such son or daughter is unavailable, due to a public health emergency." 116 P.L. 127, Enacted H.R. 134 Stat. 189-190 §5102(a)(2). 102(a)(1)(F).

54. Under the FFCRA "an employee qualifies for expanded family leave if the employee is caring for a child whose school or place of care is closed (or childcare provider is unavailable) for reasons related to COVID-19." FFCRA section 3102(b) (incorporating FMLA section 110(a)(1)(A)).

55. Because Mr. Shepardson worked for John F. Martin & Sons for longer than 30 days, Mr. Shepardson is an "eligible employee" as defined by the FFCRA.

56. Because, upon information and belief, John F. Martin & Sons employed fewer than 500 employees, John F. Martin & Sons is a "qualifying employer" as defined by the FFCRA.

57. Due to Mr. Shepardson's lack of options for childcare due to Governor Wolf's stay-at-home order closing schools and childcare services, Mr. Shepardson qualified for leave under the FFCRA.

58. Additionally, when Mr. Shepardson requested to telework and adjust his schedule to work Friday evenings and Saturdays in person, Mr. Shepardson was terminated from his position rather than instead being given the requisite leave under the FFCRA.

59. Additionally, under the FFCRA, individuals taking leave under the Act are to be compensated during this time by paid sick leave that "shall be available for immediate use by the employee." 116 P.L. 127, Enacted H.R. 134 Stat. 178 §5102(e)(1).

60. Mr. Shepardson was not compensated, as he was forced to utilize unpaid time off pursuant to the depletion of his personal time off due to his denial of FFCRA leave.

61. Under the FFCRA, it is illegal for an employer to "discharge, discipline, or in any other manner discriminate against any employee who takes leave in accordance with [the] Act." 116 P.L. 127, Enacted H.R. 134 Stat. 178 §5104(1).

62. Any employer who terminates an employee in such circumstances shall "be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. 215(a)(3))." 116 P.L. 127, Enacted H.R. 134 Stat. 178 §5105(a).

63. Further, an employer who terminates an employer shall "be subject to the penalties described in section 16 and 17 of [the Fair Labor Standards Act]. . . with respect to such violation." 116 P.L. 127, Enacted H.R. 134 Stat. 178 §5101(b).

64. As a direct and proximate cause of the aforementioned conduct, Mr. Shepardson suffered actual damages, including, but not limited to, wage loss, loss of income, and emotional distress damages, all in the past, present and future.

65. As set forth hereinabove, the John F. Martin & Sons' actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

WHEREFORE, Plaintiff hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees.

## COUNT III
## FMLA/FFCRA INTERFERENCE

66. Mr. Shepardson incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

67. In order to prevail on a claim of interference under the FMLA, one must prove that: "(1) he or she was eligible employee under FMLA; (2) defendant was employer subject to FMLA's requirements; (3) plaintiff was entitled to FMLA leave; (4) plaintiff gave notice to defendant of his or her intention to take FMLA leave; and (5) plaintiff was denied benefits to which he or she was entitled under FMLA." Family and Medical Leave Act of 1993, § 2 et seq., 29 U.S.C.A. § 2601 et seq. *Ross v. Gilhuly*, 755 F.3d 185 (3d Cir. 2014)

68. In order for Mr. Shepardson to establish a claim for an interference of FMLA rights, "the employee only needs to show that he [or she] was entitled to benefits under the FMLA and that he [or she] was denied them." *Mascioli v. Arby's Restaurant Group, Inc.*, 610 F. Supp. 2d 419, 429 (W.D. Pa. 2009). Liability is not dependent upon discriminatory intent, but rather is based upon the act of interference itself. *Id*. 49.

69. Under the FFCRA, an "eligible employee" is an employee who has been employed by his or her employer for more than 30 calendar days prior to the requested leave. 116 P.L. 127, Enacted H.R. 6201, 134 Stat. 178 §3102(b)(a)(1)(A).

70. Under the FFCRA, a qualifying employer is an employer with "fewer than 500 employees." 116 P.L. 127, Enacted H.R. 134 Stat. 178 §3201(b)(a)(1)(B).

71. The FFCRA defines a "qualifying need related to a public health emergency" as a situation where the employee is "unable to work (or telework) due to a need for leave due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of child care has been closed, or the child care provider of such son or daughter is

unavailable, due to a public health emergency." 116 P.L. 127, Enacted H.R. 134 Stat. 189-190 §5102(a)(2). 102(a)(1)(F).

72. Mr. Shepardson was employed for a qualified employer under the FMLA and was therefore entitled to leave pursuant to the FMLA.

73. On or about March 2020, Mr. Shepardson was unable to resume his regular work schedule due to Governor Wolf's statewide stay-at-home orders closing schools and childcare services.

74. Mr. Shepardson exhausted all options to obtain childcare as so to not disrupt his work schedule but was unsuccessful due to COVID-19.

75. Mr. Shepardson invoked his rights to FMLA leave as described hereinabove in Mr. Shepardson's request for temporary leave pursuant to a lack of childcare options due COVID-19.

76. By referring expressly to the FFCRA, which amends the FMLA to provide additional remedies to employees who are denied leave unlawfully, Mr. Shepardson was expression his intention to invoke his rights under the FMLA.

77. Over the course of 2 months, Mr. Shepardson attempted to resolve the situation, speaking with Mr. Watts, Mr. Flannery, and Mr. Wawrzyniak regarding alternative scheduling options.

78. Additionally, Mr. Shepardson inquired about FFCRA leave, to which he was informed was not available due to John F. Martin & Sons exceeding 500 employees.

79. Upon information and belief, John F. Martin & Sons deceptively tabulated their employees to include "all of their businesses" to exceed 500 employees, therefore disqualifying the company and its employees from FFCRA benefits.

80. Despite Mr. Shepardson's agreement to work Saturdays as proposed by Mr. Wawrzyniak, Mr. Shepardson's employment was terminated.

81. Mr. Shepardson was entitled to benefits and was instead promptly terminated and therefore denied access to said benefits.

82. A causal connection exists between Mr. Shepardson's utilization of his FMLA-leave and his termination.

WHEREFORE, Plaintiff hereby requests this Honorable Court consider the above and grant relief in his favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, and reasonable attorney's fees.

**JURY TRIAL DEMANDED.**

                                          Respectfully submitted,

                                          **J.P. WARD & ASSOCIATES, LLC**

Date: April 26, 2021                        By: _____
                                          Joshua P. Ward (Pa. I.D. No. 320347)
                                          Kyle H. Steenland (Pa. I.D. No. 327786)

                                          J.P. Ward & Associates, LLC.
                                          The Rubicon Building
                                          201 South Highland Avenue
                                          Suite 201
                                          Pittsburgh, PA 15206
                                          Counsel for Plaintiff